## WEBER v. DEVITT.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9153. Decided May 14, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**ERROR PROCEEDINGS.**
(260 Be) A bill of exceptions not signed by the trial judge, is of no avail in error proceedings.
(260 Be) An affidavit that a bill of exceptions is true does not have the force and effect of the signature of the judge thereto.
(260 Be) Whether a bill of exceptions is true or false depends upon such bill of exceptions and upon the certificate of the trial judge.

**DEBTOR & CREDITOR.**
(210 F) Under a lease providing that rent should be paid on the first of the month, in advance, successive demands does not waive right to maintain forcible detainer action.

**REAL ESTATE.**
(510 La2) Forcible detainer action, and not ejectment, is proper remedy against defaulting tenant under a lease.

Error to Municipal Court.

Judgment affirmed.

Krueger & Pelton, Cleveland, for Weber.

Moore, Mahon, Miller & Moore, Cleveland, for Devitt.

### STATEMENT OF FACTS.

In the court below the defendant in error was plaintiff and brought her action in forcible entry and detainer to recover the possesion of the Ileen Hotel and the land upon which it is situated being number 1260 Superior and extending to 1257 Payne Avenue in the City of Cleveland.

The complaint of the landlord was in the ordinary form, alleging that the defendant had entered as a tenant and was holding over after the expiration or termination of his lease and asked for his eviction under the forcible entry and detainer statute.

VICKERY, J.

I cannot find among the files any statement of defense, nor does there seem to have been any filed as shown by the transcript and just what the defense is, it is rather difficult to understand. There is a paper which purports to be a bill of exceptions but there is no certificate of the Judge that it contains all of the evidence or that it is a true record of the proceedings that transpired. There is another paper which is rather a novelty in the practice in the Court of Appeals and that is an affidavit of the plaintiff in error which in effect states that the bill of exceptions filed is true. This, I say, is a novel practice. It is going outside of the bill of exceptions to prove, by affidavit filed in this court, that the bill of exceptions is true. Whether it is true or false must depend upon the bill of exceptions itself and upon the certificate of the trial judge. In this case there seems to be no certificate of the trial judge, as already stated, that the bill of exceptions was complete or that it contained all of the evidence.

It is urged, however, by the plaintiff in error that it is not necessary, inasmuch as the argument is that the Municipal Court had no jurisdiction. It is rather difficult to gather from his argument just why he urges this. He says he has no equitable defense, that such defenses as he may have are legal. The Municipal Court having such jurisdiction as the Justice of the Peace had over forcible entry and detainer cases, surely has jurisdiction so far as the complaint is concerned in this case. It seems that the plaintiff in error relies upon the fact that there was a waiver of forfeiture.

The plaintiff and defendant below had entered into a lease for a period of five years at a rental of six hundred dollars a month, such rental being payable in advance at the beginning of each month. In January, prior to the bringing of this action only a part of the rent had been paid, although all was demanded on the first. On the first of February another month's rent was due and a demand was made and no rent was paid. On the first day of March another month's rent was due and a demand was made and nothing was paid either on the January, February or March rents. On the 5th of March a demand was made for the rental by the son of defendant in error, who was agent for his mother, and he was told, when he demanded the rent, that the plaintiff in error, the defendant below, was sorry but he could not pay the rent and the only reply from the son was that he was sorry too, and on the 9th a notice was served to vacate and on the 20th the action was brought in the Municipal Court which resulted in a judgment of guilty for holding over and ouster proceedings were entered.

The provision of the lease provided that rent should be payable in advance each month and a failure to pay such rent would operate as a forfeiture at the election of the landlord. Plaintiff in error claims that the re-demand on the 5th of March waived the prior demands and, therefore, the landlord could not maintain this suit.

If there was a waiver, there is no evidence in the record of such waiver, and there is no pleading that there was such a waiver, but it is argued that the only way the landlord could get rid of a tenant under the circumstances would be by ejectment process. We do not so construe the law. Where the lease provides that the non-payment of rent may terminate the lease at the election of the landlord, the bringing of a suit is an election to terminate the lease and the summary process of the landlord getting possession is applicable to a lease for a term of years as well as for a lease that has already expired.

There might be some virtue in the contention of the plaintiff if there were any equitable defense, but there do not seem to be any defenses at all in this case. We are constrained to come to the conclusion that the judgment of the court below ought to and must be affirmed. (Sullivan, PJ., and Levine, J., concur.)