CUBBON, APPELLANT, *v.* LOCKER, APPELLEE.

(No. L-81-237—Decided March 5, 1982.)

*Mr. Darrell L. Rice,* for appellant.
*Mr. Roy H. Lambert,* for appellee.

*Per Curiam.* Plaintiff-appellant, Frank W. Cubbon, Jr., appeals from the judgment entered by the Toledo Municipal Court, granting judgment for the plaintiff and awarding plaintiff $20 as damages.

Plaintiff and defendant entered into a lease agreement on April 7, 1980, wherein defendant, Jerry Locker, agreed to lease a residential apartment for a one-year term at a monthly rental rate of $230. Defendant provided plaintiff with a security deposit of $210. Defendant paid rent for the months of April, May and June. In July defendant failed to make his rental payment and on July 22, 1980, plaintiff served defendant with a three-day notice to vacate the property. Defendant vacated the premises on July 27, 1980. The apartment was vacant for the months of August and September. On October 1, 1980, the apartment was re-rented.

Plaintiff filed a complaint on November 30, 1980, alleging that defendant was in default of rent and owed plaintiff the sum of $480 for unpaid rent. Defendant answered, alleging that rent was due only for the month of July. Stipulations of facts were filed and pursuant to a journal entry dated July 27,

1981, the court found that defendant was in default of the rental payment for the month of July 1980, in the amount of $230, and that plaintiff failed to return defendant's security deposit, thereby crediting defendant with the $210 security deposit. The court further held that defendant was not responsible for the payment of rent for any months following the service of the notice to vacate the property. The court ordered that judgment be entered for plaintiff in the amount of $20. From this judgment, plaintiff, Frank W. Cubbon, Jr., appeals and assigns the following assignment of error:

"The trial court erred in awarding damages to plaintiff-landlord for only that amount of rent due up to the date of service of the notice to vacate and in failing to take account of all losses sustained as a result of the tenant's breach of the lease."

The defendant-appellee, Jerry Locker, failed to file an appellate brief and was not heard at oral argument. See App. R. 18 (C).

Plaintiff contends that the service of the notice to vacate did not terminate the defendant-tenant's obligation to pay future rents pursuant to the lease agreement.

The case *sub judice* involves residential premises which are specifically governed by R.C. Chapter 5321 (Landlords and Tenants). The impact of R.C. Chapter 5321 is set forth in the first paragraph of the syllabus of *Laster* v. *Bowman* (1977), 52 Ohio App. 2d 379 [6 O.O.3d 428], as follows:

"R.C. Chapter 5321 entitled, 'Landlords and Tenants,' establishes various rights and obligations between landlords and tenants in the State of Ohio and governs the relationship between landlords and tenants with regard to rental agreements of residential premises and supersedes all prior Ohio law concerning the rights and obligations encompassed by the Act. The Landlord and Tenant Act also provides the exclusive remedies now available to landlords and tenants as to the rights and obligations contained in the Act. These rights, obligations, and remedies become part of a rental agreement between a landlord and tenant."

At common law, in the absence of a statute or lease provision, the tenant's failure to perform provisions of the lease did not result in the forfeiture of his estate. The landlord's remedy was an action for damages resulting from the default by the tenant. The desire of landlords to expedite ejectment proceedings and the legislature's recognition of the need to protect tenants from forcible ouster by landlords resulted in the enactment of legislation providing for summary eviction proceedings. See R. Schoshinski, American Law of Landlord and Tenant (1980), Sections 6:10 and 6:11. In Ohio, R.C. Chapter 1923 (Forcible Entry and Detainer) provides such a remedy for landlords entitled to immediate possession of the premises.

While R.C. Chapter 5321 governs the rights and liabilities of parties to a residential lease, R.C. 5321.03 incorporates the forcible entry and detainer statute by expressly providing:

"(A) Notwithstanding section 5321.02 of the Revised Code, a landlord may bring an action under Chapter 1923 of the Revised Code for possession of the premises if:

"(1) The tenant is in default in the payment of rent[.]"

It is clear that Ohio's statutory provisions permit a landlord of residential premises to evict a tenant by declaring a forfeiture of the lease for breach of a written rental agreement. See, generally, Note, The Ohio Landlord and Tenant Reform Act of 1974 (1975), 25 Case W. Res. L. Rev. 876, 903.

In the case *sub judice,* a forcible entry and detainer action was not commenced by plaintiff; however, plaintiff asserts that the three-day notice, pursuant to R.C. Chapter 1923, was served upon defendant. The issue upon appeal is

whether the service of the notice to vacate constituted an election by the plaintiff-landlord to forfeit the lease, thereby relieving the defendant-tenant of his future obligations pursuant to said agreement.

We find that the landlord's election of re-entry was notice to the tenant of the termination of the tenancy.

"A forfeiture of a lease does not discharge the tenant from liabilities under the lease which had accrued at the time of the forfeiture. Thus, the forfeiture does not discharge the lessee from his obligation to pay the agreed rent accruing before the forfeiture. On the other hand, in the absence of an agreement between the parties for the continuing liability of the lessee after a forfeiture, one which the lessor elects to assert terminates all unaccrued liabilities of the lessee upon his covenants and stipulations in the lease dependent upon the continuance of the term, including liability for subsequently accruing rents or taxes. But the tenant cannot assert the mere existence of a ground for forfeiture as a termination of the lease and his liabilities thereunder." 33A Ohio Jurisprudence 2d 528, 528-529, Landlord and Tenant, Section 583.

Since the complaint was for unpaid rent and not damages, the following is applicable:

"The election of the lessor to terminate the lease for nonpayment of rent or other cause and the ejection of the lessee in an action terminate the tenancy so as to release the lessee from liability for rent not due when he is ousted. However, as to rent due before the time of such an action, the lessee continues liable.

"After the dispossession of a tenant in summary proceedings for nonpayment of rent, the lease is at an end, and his liability thereafter is for damages, and not for rent. Generally, however, re-entry by the lessor and surrender by the lessee in obedience to a writ of restitution preclude the recovery of damages subsequent to eviction." 50 American Jurisprudence 2d 107, Landlord and Tenant, Section 1224.

We, therefore, find that the trial court did not err in awarding damages, and plaintiff-appellant's assignment of error is not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed at appellant's costs.

*Judgment affirmed.*

CONNORS, P.J., POTTER and BARBER, JJ., concur.