BRIGGS, APPELLANT, *v.*
MACSWAIN, APPELLEE.

(No. 86AP-465—Decided December 9, 1986.)

*Jaffe & Browell* and *Brett Jaffe,* for appellant.

*Shari Lynn MacSwain, pro se.*

McCORMAC, J. Plaintiff-appellant, Suzy A. Briggs, entered into a written lease with defendant-appellee, Shari Lynn MacSwain, of a one-family apartment for the period from April 1, 1985 through March 31, 1986, at a monthly rental of $395. A security deposit of $395 was paid. On January 8, 1986, plaintiff gave defendant a notice to vacate for non-payment of the January rent. Defendant then moved from the premises on January 31, 1986, without paying further rent. Plaintiff incurred $183.02, as found by the trial court, for the cost of cleaning and repairing the apartment. Plaintiff re-rented the premises for $395 per month on March 1, 1986. Plaintiff sought judgment in the Franklin County Municipal Court for her cost of cleaning and repairing the apartment and for $395 per month rent for January and February 1986. After trial to the court, judgment was rendered for $183.02. The security deposit was applied to the January rent. The trial court refused to allow plaintiff to recover rent for February on the basis that plaintiff had elected her remedy and that, therefore, any obligation of the tenant to continue to pay rent under the written lease agreement had terminated on January 31, 1986, the date in which the tenant vacated the lease premises.

Plaintiff has appealed, asserting that the trial court erred in holding that service of a three-day notice to vacate premises constitutes an election of remedies by the landlord which operates to terminate the leasehold tenancy, along with any further duties of the tenant to pay rent under the lease after the premises has been vacated.

Plaintiff's assignment of error is sustained. The judgment of the trial court is hereby modified to require defendant to pay $395 damages for the month of February 1986. Thus, the trial court is ordered to modify its judgment to "judgment for plaintiff in the sum of $578.02."

The trial court relied upon a judgment of the Lucas County Court of Appeals, *Cubbon* v. *Locker* (1982), 5 Ohio App. 3d 200, 5 OBR 462, 450 N.E. 2d 697, in which that court held that the landlord's election to evict a tenant for non-payment of rent relieved the tenant of future obligations to pay rent under the lease agreement. We disagree with the holding of *Cubbon,* as we held previously in our unreported case of *Hashemi* v. *Jim Owen & Co.* (Apr. 21, 1977), No. 76AP-879, unreported. We

held in *Hashemi* that the issuance of a three-day notice to vacate pursuant to R.C. 1923.04 does not terminate the obligations of the tenant to the landlord to pay rent for the remainder of the term or until a new tenant is secured in the exercise of reasonable diligence, whichever is earlier. R.C. 5321.03(A)(1) specifically authorizes proceedings under R.C. Chapter 1923 against a tenant who is in default of payment of rent. R.C. 1923.04 requires the landlord to give the very notice which was given in this case prior to commencement of an action. A tenant may not avoid her obligations under the lease agreement for payment of the rent during the term of the lease, or until a new tenant is secured, by failing to pay rent and then vacating after she receives the required three-day notice for non-payment of rent. Thus, as stated in *Hashemi* at 5: "[t]he giving of the required R.C. 1923.04 three-day notice does not terminate the obligation of the tenant to pay rent for the remainder of the rental period for which no rent has been paid." As previously stated, this obligation must be mitigated by the landlord by reasonable diligence in re-renting the premises.

R.C. 1923.081 provides that, in a forcible entry and detainer action for residential premises, the plaintiff may recover past due rent and other damages under a rental agreement. Other damages under the rental agreement include damages caused by the tenant's failure to pay the rent specified by the rental agreement subject to mitigation of those damages by the landlord.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed. The trial court is ordered to amend its judgment entry to provide for final judgment in favor of plaintiff in the sum of $578.02, together with interest and costs.

*Judgment reversed.*

Reilly and McMonagle, JJ., concur.

James J. McMonagle, J., of the Cuyahoga County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.