**In re Carla Mae COLLIER, Debtor.**

**Bankruptcy No. 93–32859.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 17, 1993.

**2.** *See,* Baird, D.G., *The Elements Of Bankruptcy,* p. 180, F.N. No. 10 (1993).

James J. Fullenkamp, Dayton, OH, for Homestart Limited Partnership I.

Michael G. Weller, Centerville, OH, for debtor.

George W. Ledford, Englewood, OH, Trustee.

## DECISION AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY TO HOMESTART LIMITED PARTNERSHIP I

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion for relief from the automatic stay of 11 U.S.C. § 362(a)

(Doc. # 14) filed by Homestart Limited Partnership I. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G)—motions to terminate, annul, or modify the automatic stay.

### FACTS

1) On June 25, 1990, Carla Mae Collier ("Debtor") and Homestart Limited Partnership I ("Homestart") entered into a lease agreement whereby Debtor rented residential property from Homestart.

2) The term of the lease was for one year from July 1, 1990, till June 30, 1991. Thereafter the term of the lease was to be automatically extended for one year periods. (Rent was periodically adjusted and on May 14, 1993, Debtor agreed to rental payments of $300 per month.)

3) On or about June 5, 1993, and July 6, 1993, Homestart served Debtor with a "Notice to Leave the Premises" on the ground that Debtor had made no rental payments for nine months and owed Homestart a total of $2,521.00.

4) Homestart filed a complaint for "Forcible Entry and Detainer" on July 12, 1993, in the Municipal Court for the City of Dayton, Ohio.

5) On August 2, 1993, the Municipal Court entered an order stating that:

> [T]he Court finds that the Plaintiff is the owner of the premises, that the statutory notices were served and that the Defendant(s) is in breach of the Lease or verbal rental agreement.
>
> IT, IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff shall have restitution of the premises pursuant to the standard Order of Court. . . .

(6) Debtor filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code on August 5, 1993. In her plan Debtor proposes to cure all defaults under her lease with Homestart. Homestart has objected to this proposed treatment on the ground that there is no lease to be assumed and cured by the debtor, and has requested the court to

modify the automatic stay so that it may return to state court and obtain a writ of restitution for the premises.

## CONCLUSIONS OF LAW

The issue before the court is whether Debtor, despite the entry of a judgment in a forcible entry and detainer suit, may still assume and cure the lease with Homestart under § 365 of the Bankruptcy Code. The relevant portion of § 365 provides that:

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default.

A debtor may not, of course, assume a lease that has expired. There is, however, no definition of "expired" or "unexpired" in either the Bankruptcy Code or its legislative history. Debtor contends that her lease exists until Homestart has obtained an execution on its judgment by means of a writ of

restitution. Homestart maintains that the lease expired upon the docketing of its judgment. Judicial opinions are divergent in their approach to determining the expiration date of leases.[1]

In Ohio, case law exists for considering several events, based on the facts and circumstances of the case, as the termination of a lease. *E.g., Weber v. Devitt*, 6 Ohio Law. Abs. 653 (Ohio App.1928) (where the lease provides that the non-payment of rent may terminate the lease at the election of the landlord, the *bringing of a suit* is an *election to terminate* the *lease* ); *Cubbon v. Locker*, 5 Ohio App.3d 200, 450 N.E.2d 697 (1982) (*Service* of *three-day notice* pursuant to forcible entry and detainer statute was notice to tenant of termination of the tenancy); *Briggs v. MacSwain*, 31 Ohio App.3d 85, 508 N.E.2d 1028 (1986) (disagreeing with *Cubbon*); *Cain v. Brown*, 105 Ohio St. 264, 136 N.E. 916 (Ohio 1922) (Lessor may *elect to terminate* lease by *exercising right under the contract* ).

■ Of significant importance to the instant proceeding is the fact that this court has discovered no Ohio case law supporting Debtor's position that a lease survives a judgment in a forcible entry and detainer action. Therefore, this court finds that under the law of Ohio Debtor's lease with Homestart terminated *no later* than August 2, 1992, the date the judgment entry was

---

1. "The courts have struggled to determine when a lease is expired, often by analyzing state law and the terms of the contract. *See In re Escondido West Travelodge*, 52 B.R. 376 (S.D.Cal.1985) (lease terminated when landlord filed unlawful detainer action because that is when lessee's right to possession is terminated under Florida law); *Chart House, Inc. v. Maxwell (In re Maxwell* ), 40 B.R. 231 (N.D.Ill.1984) (sublease terminated under Illinois law by sending notice and filing suit); *Harbour Bay Plaza Associates v. Foxfire Inn (In re Foxfire Inn* ), 30 B.R. 30 (Bankr. S.D.Fla.1983) (lease that terminated pursuant to its terms and applicable state law had expired); *Bistrian v. Easthampton Sand & Gravel Co., Inc. (In re Easthampton Sand & Gravel Co., Inc.)*, 25 B.R. 193 (Bankr.E.D.N.Y.1982) (lease that had not yet been terminated under its terms was unexpired); *Executive Square Office Bldg. v. O'Connor and Associates, Inc.*, 19 B.R. 143 (Bankr.N.D.Fla.1981) (no right to assume and cure a lease that has expired according to its terms or terminated under state law); *Kearny*

*Mesa Crossroads v. Acorn Investments (In re Acorn Investments* ), 8 B.R. 506 (Bankr.S.D.Cal. 1981) (state court declared lease forfeited by its terms); *Hazen v. Hospitality Associates, Inc. (In re Hospitality Associates, Inc.)*, 6 B.R. 778 (Bankr.D.Or.1980) (an unexpired lease is one that has not already expired according to its terms or which terminated pre-bankruptcy under state law); *Omni International, Ltd. v. Mimi's of Atlanta, Inc. (In re Mimi's of Atlanta, Inc.)*, 5 B.R. 623 (Bankr.N.D.Ga.1980) (lease terminated under its terms); *In re GSVC Restaurant Corp.*, 3 B.R. 491 (Bankr.S.D.N.Y.1980) (lease terminated under state law); *Phoenix Associates, Inc. v. Pagoda International, Inc. (In re Pagoda International, Inc.)*, 26 B.R. 18, 20 n. 1 (Bankr.D.Md. 1982) (lease terminated by state court judgment for possession against debtor who filed a chapter 11 petition as "another delaying tactic")."

*Gallatin Housing Authority v. Talley (In re Talley* ), 69 B.R. 219, 222–223 (Bankr.M.D.Tenn. 1986).

docketed.[2]  On this date the state court declared that Homestart was entitled to the premises.  In this court's view, the next step in the state eviction process (a writ of restitution) does nothing to further delineate the substantive rights and liabilities of the parties under the lease.  A writ of restitution is ministerial in nature [3] and merely enforces the state court's previous declaration regarding the parties' rights.

Debtor cites *In re Whiting Business College*, 42 Ohio Misc. 41 (Bankr.N.D.Ohio 1974), for the proposition that Homestart's judgment "has no force upon the debtor in this bankruptcy case" (Doc. # 28).  In that case an Ohio landlord obtained a judgment in forcible entry and detainer prior to the tenant's filing bankruptcy but did not obtain a writ of restitution.  Although *Whiting* contains some general statements regarding Ohio law that appear to support Debtor's position, close examination of the case reveals that *Whiting* is not applicable to the instant proceeding.

In *Whiting* the landlord was requesting the bankruptcy court to expel the bankruptcy trustee from the premises.  Therefore, the issue before the *Whiting* court concerned the trustee's right to temporarily *occupy* the premises, while the issue before this court is the right to *assume* a *lease* to the premises. In *Whiting* neither the trustee nor the debtor was seeking to assume the lease under § 70 of the Bankruptcy Act (predecessor to § 365 of the Bankruptcy Code) nor was the debtor attempting to reorganize.  Instead, the trustee was merely seeking to retain occupancy of the premises for a short period of time (a week to ten days) in order to liquidate the debtor's assets.

Although the court refused to grant the landlord's request in *Whiting,* there is no suggestion by the court that the lease itself had not expired or was still a viable asset. In fact the court reached the opposite conclusion:

The result of the state court decision having found right of possession in the premises in the landlord is simply that there is no interest in the premises which can be disposed of by this estate as an asset of the estate.  It is not being offered for sale by the trustee.  *In re Whiting, supra,* 42 Ohio Misc. at 45.

In short, *Whiting* was examining the effect of a state court judgment upon the status of occupancy, while this court is determining the effect of a state court judgment on the existence of a lease.  As a result, the court finds that *Whiting* is inapplicable to the proceeding before it.

Debtor has also cited *Gallatin Housing Authority v. Talley (In re Talley )*, 69 B.R. 219 (Bankr.M.D.Tenn.1986), for the proposition that her lease with Homestart does not expire until a writ of possession has been executed:

Like the foreclosure sale of mortgaged property, the dispossession of a tenant from leased property is at the heart of the realization of a judgment for unlawful detainer under Tennessee law.  Only then—upon execution of the Writ of Possession—is the termination of the landlord tenant relationship "measurable [and] identifiable."  Prior to that time, the tenant has many and varied rights to upset the landlord's intent to reacquire the leasehold.  Execution of a writ of possession is the one step in the process that has certainty in all counties and in all contractual situations. It is the point in time at which the process of the law physically servers the debtor from the tenancy.  For purposes of application of a Chapter 13 debtor's right to cure default and maintain payments under a residential lease, I find that the lease is not "expired" until execution of the Writ of Possession by service upon the tenant. *Id.,* at 225.

"Finding no bright line definition of 'expired' in Tennessee law, the [*Talley* ] court drew an analogy between the execution of a

---

**2.**  It is unnecessary in the present proceeding to determine the precise date the lease may have expired.  It may be that the lease expired prior to Homestart obtaining a judgment, but all that is necessary for disposing of the instant matter is a finding that the lease expired no later than when the judgment was docketed.

**3.**  *State ex rel. Marsol Apt. Co. v. Vannuci,* 68 Ohio App.2d 181, 428 N.E.2d 468, 470 (1980).

writ of possession and the foreclosure sale of mortgaged property." *Ross v. Metropolitan Dade County,* 142 B.R. 1013, 1015 (S.D.Fla. 1991). This court finds *Talley's* analogy to be useful as an analytical device in determining the cut-off date to assume a lease, but does not believe it dictates the result reached in *Talley.*

Specifically, in constructing its analogy between a foreclosure sale and a writ of possession, the *Talley* court examined the case of *Federal Land Bank of Louisville v. Glenn (In re Glenn),* 760 F.2d 1428 (6th Cir.1985). In that case, the court was faced with choosing a cut-off date for a debtor's right to cure a default on real estate mortgage on a principal residence under § 1322(b)(2) of the Bankruptcy Code. A variety of events were considered: the date of the first default, acceleration of the mortgage, entry of a foreclosure judgment, the occurrence of a foreclosure sale, expiration of a debtor's right of redemption. In choosing the sale of mortgaged premises as the cut-off date of the statutory right to cure defaults, the Sixth Circuit recognized that its result was "primarily a pragmatic one" and that "[p]icking a date between the two extremes [the date of the first default and the day the redemption period expires following sale] is.... a compromise of sorts." *Id.,* 760 F.2d at 1435. *Talley,* however, does not appear to be based on pragmatic considerations nor does it represent a compromise between two extremes. Instead, *Talley* settled on the last event in a chain of events leading to dispossession of a tenant as the date a lease expires: "It is the point in time at which the process of the law physically severs the debtor from the tenancy." *In re Talley, supra,* 69 B.R. at 225.

In this court's opinion, the date that a judgment of forcible entry and detainer is docketed is equally a "measurable, identifiable event of importance in the relationship of the parties." *In re Glenn, supra,* 760 F.2d at 1435. At that point the tenant knows he is no longer entitled to remain upon the premises and is under a duty to leave the premises. If the tenant refuses to leave, then a writ of restitution is obtained to enforce the court's judgment. The same problem may confront the buyer at a foreclosure sale. If the property's previous owner refuses to leave the premises, it will be necessary to obtain a writ of restitution. Under *Glenn* this process is irrelevant, however, to the previous sale of a debtor's property and the loss of a right to cure a default in a mortgage.

In addition *Talley* creates a disparity in the treatment of homeowners and tenants. In *Glenn* the sale of a debtor's residence destroys his right to cure his default and save his home. Under *Talley* a tenant must be physically removed from the premises before his right to assume and cure a lease is lost. Therefore, the court finds that an entry of judgment in a forcible entry and detainer case is more analogous to a foreclosure sale than the execution of a writ of possession.

For the foregoing reasons, the court finds that on the date Debtor filed her petition in bankruptcy her lease with Homestart had previously expired for purposes of § 365 of the Bankruptcy Code. Therefore, it may not be assumed and Homestart is entitled to proceed to enforce its judgment in state court.

It is, therefore, ORDERED that the motion of Homestart Limited Partnership I is GRANTED and the automatic stay of 11 U.S.C. § 362 is modified to permit Homestart Limited Partnership I to enforce its previously obtained judgment.