SIMOUDIS et al., Appellants,

v.

DIEHL, Appellee.

[Cite as *Simondis v. Diehl* (1996), 116 Ohio App.3d 296.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96-T-5449.

Decided Dec. 9, 1996.

*Perantinides & Nolan* and *Christina Simoudis,* for appellants.

*UAW–GM Legal Services* and *Maurus G. Malvasi,* for appellee.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

Appellants, John and Anna Simoudis, landlords, entered into a written month-to-month rental agreement on October 15, 1994 with their tenant, appellee Bruce Diehl. Appellee paid a security deposit of $575 and prorated rent for the remainder of October 1994. Pursuant to the terms of the lease, rent was due on or before the first of the month. New carpeting had been installed on the premises just prior to appellee's taking possession. Over the next three months, November and December 1994 and January 1995, appellee paid the rent on the third of each month without objection from appellants.

On January 28, 1995, appellants served upon appellee a thirty-day notice to vacate the premises. On February 1, 1995, appellants served upon appellee a three-day notice to vacate the premises based upon appellee's nonpayment of rent for February. Subsequently, on February 6, 1995, appellants filed a forcible entry and detainer action along with an action for damages in the Warren Municipal Court. Appellee vacated the premises on February 11, 1995, rendering the forcible entry and detainer action moot. Appellee then filed a counterclaim based upon wrongful holding of the security deposit and breach of contract.

On October 12, 1995, a hearing was held on the damages portion of appellants' complaint and appellee's counterclaim. On October 19, 1995, the magistrate issued his report including findings of fact and conclusions of law. The magistrate determined that appellants were entitled to damages in the amount of $503.15, which included $400 for damages to the carpet. The magistrate also determined that appellee was liable for $575 for rent in February. This was negated by the security deposit of $575. Appellee's counterclaim was dismissed at his cost.

Both parties filed timely objections to the magistrate's report, and a hearing was conducted on the objections on February 23, 1996. On March 12, 1996, the trial court modified the decision of the magistrate, reducing the rent owed for

February 1995 from a full month ($575) to eleven days ($225.89). Judgment of $154.04 was awarded to appellants.

Appellants timely filed a notice of appeal with three assignments of error.

In the first assignment of error, appellants contend that the trial court erred in denying them the full February rent payment because appellee was in violation of the rental agreement. In the second assignment of error, appellants assert that the trial court erred in denying them the full February rent payment because appellee caused permissive waste which resulted in permanent injury to the premises. These assignments of error are interrelated and will be addressed together.

Appellants argue that they are entitled to recover all of February's rent amounting to $575 rather than for just the first eleven days that appellee occupied the premises as allowed by the trial court. Appellants rely on *Briggs v. MacSwain* (1986), 31 Ohio App.3d 85, 31 OBR 126, 508 N.E.2d 1028, wherein the Tenth District Court of Appeals held:

"A tenant may not avoid her obligations under the lease agreement for payment of the rent during the term of the lease, or until a new tenant is secured, by failing to pay rent and then vacating after she receives the required three-day notice for nonpayment of rent." *Id.* at 86, 31 OBR at 127, 508 N.E.2d at 1029.

Thus, appellants claim that once appellee was given a three-day notice to vacate on February 1, 1995 for nonpayment of rent, he was still obligated to pay February's rent in spite of his act of vacating the premises.

Appellee raises two defenses to appellants' argument. First, he claims that the three-day notice to vacate was premature, since he had established a pattern of paying his rent on the third day of each month rather than prior to the beginning of the month as required by the written lease. The trial court accepted this argument, finding that appellants had in effect waived the strict terms of the lease by accepting late payments. We disagree. The fact that appellee had paid the rent on the third day of each of the first three months is not a sufficiently long period of time to establish a waiver of the strict terms of the lease. Appellee has not provided this court with any case in which three late payments constituted a waiver, nor has this court been able to find such a case. Accordingly, the three-day notice to vacate provided by appellants was not premature.

The second defense raised by appellee is that even if the three-day notice to vacate was timely given, he should not be responsible for the balance of February's rent after he moved out on February 11 based on the decision in *Cubbon v. Locker* (1982), 5 Ohio App.3d 200, 5 OBR 462, 450 N.E.2d 697. In

*Cubbon,* the Sixth District Court of Appeals held that the election of the landlord to terminate the lease for nonpayment of rent and the ejection of the tenant terminates the tenancy so as to release the tenant from liability for rent not due when he is ousted. However, the tenant is still liable for rent due before the time of such an action. *Id.* at 202, 5 OBR at 464, 450 N.E.2d at 699–700. Thus, *Cubbon* does not support appellee's argument, since even under the court's analysis, the tenant is still liable for rent for the full month in which he or she vacates the premises, since the rent was due prior to the tenant's leaving. In *Cubbon,* the tenant vacated the premises on July 27, 1980; however, he was held liable for the full July rent.

Hence, under *Briggs* or *Cubbon,* appellee is liable for all of February's rent. Accordingly, the trial court erred in holding appellee liable for only the first eleven days of February 1995.

Appellants' first two assignments of error are sustained.

In the third assignment of error, appellants assert that the trial court erred in denying them the full cost of the carpet destroyed by appellee. Appellants maintain that they should have been reimbursed in the amount of $950 for the damaged carpet that had cigarette burns and stains on it rather than the $400 allowed by the trial court. They argue that the carpet was installed just prior to appellee's taking possession and that it is now worthless and needs to be replaced.

The Supreme Court of Ohio has held:

"The law in Ohio is clear that an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence. *Landis v. Kelly* (1875), 27 Ohio St. 567; *State, ex rel. Shady Acres Nursing Home, Inc., v. Rhodes* (1983), 7 Ohio St.3d 7, 7 OBR 318, 455 N.E.2d 489. Moreover, if the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578]; *State, ex rel. Shady Acres Nursing Home, Inc., supra.*" *Kinney v. Mathias* (1984), 10 Ohio St.3d 72, 73–74, 10 OBR 361, 362, 461 N.E.2d 901, 903.

A review of the transcript in the case *sub judice* reveals that appellant, John Simoudis, testified that he tried to clean the carpeting with various products but was unsuccessful in removing all the stains. He admitted, however, that he never had the carpeting professionally cleaned, nor did he ever secure an estimate from a professional to do the job. Numerous photographs of the carpet were admitted into evidence depicting both before and after views. Appellee presented evidence

that the damage to the carpet was minimal so that replacement would be unnecessary.

In light of the evidence presented, this court cannot say that the trial court's determination that the carpeting did not have to be replaced was against the manifest weight of the evidence. Clearly, it was the trial court's opinion that the damage did not totally destroy the value or usability of the carpet.

Appellants' third assignment of error is without merit.

Based upon the foregoing analysis, the judgment of the trial court is reversed in part, affirmed in part, and remanded for the court to enter judgment in conformity with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.