This accelerated appeal comes to us from a summary judgment issued by the County Court Of Fulton County, Eastern Division, granted in favor of the tenant in a landlord eviction action. Because we conclude that the trial court properly granted summary judgment as to future rent claims but not as to other damages, we reverse in part and affirm in part.
On June 20, 1996, appellants, Tim and Suzanne Dennis, leased an apartment for one year to appellee, Angela Morgan. On November 1, 1996, appellee received an eviction notice based upon allegations that she had caused continuing noise problems and other disturbances. Although the record is unclear as to an exact date, appellee vacated the premises several days later. On February 4, 1998, appellants filed suit against appellee for rent allegedly due after the eviction and other damages, including repairs and cleaning expenses, in the amount of $4,037.37. On July 16, 1998, appellants filed an amended complaint seeking the same $4,037.37, but designating the monetary amount sought as "damages per diem," rather than future rent. In response, appellee moved for summary judgment on the basis that appellants cannot collect rent under the terms of the lease after evicting appellee. On November 25, 1998, the court granted summary judgment in favor of appellee on all claims.
Appellants now appeal that judgment, setting forth two assignments of error:
 "I. WHETHER THE COUNTY COURT OF FULTON COUNTY, EASTERN DIVISION, COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT/APPELLEE ANGELA MORGAN HOLDING THAT SERVICE OF A THREE DAY NOTICE TO VACATE PREMISES OPERATED TO TERMINATE THE LEASEHOLD TENANCY ALONG WITH ANY FURTHER DUTIES OF THE TENANT UNDER THE LEASE AGREEMENT.
 "II. WHETHER THE COUNTY COURT OF FULTON COUNTY, EASTERN DIVISION, COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT THE NOVEMBER RENT PAYMENT BECAUSE APPELLEE WAS IN VIOLATION OF THE RENTAL AGREEMENT."
We will address appellants' two assignments of error together. Appellants essentially argue that the terms of the lease agreement permit them to recover rent for the period following appellee's eviction. Appellants also contend that the trial court erred in granting summary judgment as to their claims for damages related to repairs and cleaning.
The standard of review for summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
Where no post-eviction rental obligation is imposed in the lease, a landlord's election to terminate that lease releases the tenant from liability for payment of rent not yet due. Cubbon v. Locker (1982),5 Ohio App.3d 200, 202; Huber Investment Corp. v. Warner (Jan. 30, 1998), Montgomery App. No. 16545, unreported.[1]
In this case, appellant claims that by reading two paragraphs of the lease together appellee is obligated for rent after the eviction. We disagree. The paragraphs referred to contain typical "boilerplate" lease agreement language.[2] Contrary to appellants' claims, nothing in the lease ties these two paragraphs together or specifically creates an obligation to pay rent after an eviction notice. Rather, the only paragraph which refers to appellants' right to charge appellee for future rent concerns appellee's abandonment of the premises, which she did not do.[3] Moreover, appellants evicted appellee for breach of the "disturbance" clause of her lease, not for non-payment of rent. In our view, it is fundamentally unfair to permit appellants to charge appellee for another month's rent simply because they chose to wait to file for eviction until November 1, 1996.
In this case, the trial court did not err in granting summary judgment as to any rent or other incidental expenses, such as vacancy electric and vacancy water cost[4], due upon the date of the notice or after.
In their remaining claims, appellants allege the following costs:
"Cleaning 5[hours] @ $10.00 Hour $50.00
"Carpet Cleaning $53.00
"Repairs Inhouse 14[hours] @ $14.00 Hour $196.00
"* * *
"Cabinet Parts $125.00
"Front Door $29.82
"Install $60.00
"* * *
"Advertising 32 @ $7.50 Week $240.00
"Cost of Showing 10 @ $15.00 Each $150.00"
Generally, landlords may recover damages suffered in relation to a tenant's non-compliance with a lease agreement. Nolan v. Sutton
(1994), 97 Ohio App.3d 616, 619. However, unless specifically provided for in the lease agreement, cleaning costs may not be recovered unless such costs are over and above what would be needed for ordinary wear and tear. Id. Additionally, in the absence of an express agreement in the lease, a landlord may not recover the same expenses, such as advertising or showing an apartment, that he would have had at the end of the lease period had it not been breached. See McGowan v. DM Group IX (1982), 7 Ohio App.3d 349, 351.
In this case, the lease contains no specific language obligating appellee to pay the costs of advertising or showing the apartment should she be evicted. Appellants opted to terminate appellee's lease agreement for allegedly breaching the lease; appellee did not voluntarily abandon the apartment. Thus, appellants must establish that the damages claimed are beyond ordinary wear and tear.
Nevertheless, in reviewing this case, we must apply the standard for summary judgment, i.e., no material facts must be in dispute and the movant must be entitled to judgment as a matter of law. Civ.R. 56(C). In the present case, the trial court granted summary judgment as to all damages on the basis of Cubbon v.Locker, supra. That case primarily addressed future rental income after an eviction notice. Therefore, since facts remain in dispute as to the remaining damage claims for cleaning and repairs (if the result of excessive wear and tear), the trial court erred in granting summary judgment as to those claims.
Accordingly, appellants' first assignment of error is well-taken as to the claims for damages which are not rent or utilities due on or after November 1, 1996. Appellants' second assignment of error is not well-taken.
The judgment of the County Court Of Fulton County, Eastern Division, is affirmed in part and reversed in part. This case is remanded to the trial court for proceedings consistent with this decision. Court costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART AND REVERSED IN PART.
 Dennis, et al. v. Morgan F-98-025
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.____ _______________________________ JUDGE
James R. Sherck, J.______ _______________________________ JUDGE
Mark L. Pietrykowski, J.______ _______________________________ JUDGE CONCUR.
[1] We acknowledge that there is a conflict in authorities over the issue of whether a tenant should be responsible for rent after an eviction. See Crest Mgmt., Inc. v. McGrath (July 6, 1994), Summit App. No. 16579, citing to Briggs v. Mac Swain
(1986), 31 Ohio App.3d 85 (rent obligation did not end upon tenant's receipt of 3-day notice). However, we believe the better view is represented by our decision in Cubbon v. Locker, supra. See also the following cases which have cited Cubbon with approval: Gordon v. Syn Com Management (June 24, 1988), Lake. No. 13-027, unreported; Hauck v. Ridge Donuts, Inc. (May 6, 1987), Hamilton App. No. C-860418, unreported; Gaddis v. Hayes (Sept. 4, 1985), Hamilton App. Nos. C-840747 and C-840798, unreported;Olentangy Building Development Co. v. Newbauer (Dec. 10, 1984), Licking App. No. CA 84-3060, unreported.
[2] Paragraph 18 states that, upon default in the payment of rent or "in the performance of any of or compliance with any other term or condition hereof, this Lease shall terminate and be forfeited at the option of Lessor, and Lessor my proceed in compliance with law (including the minimum notice required by law) to evict Lessee and recover possession of the premises."
In an unnumbered paragraph at the end of the lease, the document states, "It is important that the Lessee understands that by signing this lease, the Lessee agrees to all the terms, and understands they [sic] are liable for the full amount of the lease."
[3] Paragraph 17 states, in pertinent part that:
 "If at any time, Lessee abandons subject premises or any part thereof, he shall promptly notify Lessor so that he may secure the premises. * * * Lessor may, at his option, enter subject premises * * * and without payment or liability of any kind to Lessee, relet subject premises or any part thereof for all or part of the unexpired part of this Lease, receive and collect all rents from such reletting, and hold Lessee liable for any difference between the rent which would be payable by Lessee for the remainder of his term and the rent realized by such reletting. * * *." (Emphasis added.)
[4] We note that appellee's lease agreement specified that the only utility she was responsible for was electric. Thus, appellants claim for "vacancy water" is meritless on its face.