OPINION
Defendants-appellants Darrell and Kendra Snyder appeal from the judgment of the Mahoning County Court No. 4 which ordered a writ of restitution in favor of plaintiff-appellee Simco Management Corporation. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
Appellants own a manufactured home which is located on land leased from appellee, the operator of a manufactured home park in Austintown, Ohio. In 1997, appellants entered into an oral agreement by which they agreed to pay appellee rent in the amount of $170 per month between the first and the fifth day of each month. On July 22, 1998, after appellants failed to timely pay the July rent, appellee hand-delivered a statutory three-day notice to vacate. The next day, appellants tendered a money order to appellee for July's rent.
On August 4, appellee filed a complaint in forcible entry and detainer in the county court. On August 6 appellants tendered a money order to appellee's rental office for the August rent. The next day, appellants received service on the summons, which informed them that appellee had filed a complaint seeking to recover possession of the lot and that a hearing would be conducted on September 9. Prior to the hearing, appellee returned appellants' two uncashed money orders by certified mail.
The scheduled hearing proceeded in front of a magistrate. Appellants were running late, and by the time they arrived, the magistrate had already ordered a writ of restitution in favor of appellee. Appellants requested and were granted a stay. Appellants also wrote a letter to the court which apparently triggered the court to reset the case. The court held a hearing on October 13 after which a writ of restitution was granted. Appellants unsuccessfully moved for a new trial. After a timely appeal was filed, this court granted a stay on the writ of restitution and ordered that rent be deposited with the court.
Initially, we note that appellee contends that appellants waived many arguments on appeal by failing to file objections to the magistrate's decision. We disagree. First, the letter to the trial court by appellants, who were acting pro se, may be construed as objections. Second, the magistrate proceeded in the absence of appellants, and after receiving appellants' letter, the trial court reset the case. The court held a new hearing on the matter, and did not merely review the magistrate's decision. Thus, objections were not actually necessary as appellants were given a second chance at arguing their case. In accordance, appellants did not waive their arguments as appellee contends.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellants set forth six assignments of error, the first of which provides:
 "THE TRIAL COURT LACKED JURISDICTION IN THIS MATTER IN THAT THE CONDITION PRECEDENT, SERVICE OF AN O.R.C. § 1923.04
NOTICE [,] WAS WAIVED BY THE ACCEPTANCE OF FUTURE RENT."
A forcible entry and detainer action may be brought against a manufactured home park resident in possession under an oral tenancy who is in default in the payment of rent. R.C.1923.02(A)(2) and R.C. 3733.091(A)(1). First, the park operator must notify the resident that he is being asked to leave. R.C.1923.02(B). Three days after this notification, the operator may commence a forcible entry and detainer action against the resident. R.C. 1923.04(A). As such, the three day notice to vacate is a condition precedent to the bringing of a forcible entry and detainer action. Therefore, if the landlord waives the notice to vacate, then the action has not been properly commenced and the trial court is not permitted to proceed on the matter.Shimko v. Marks (1993), 91 Ohio App.3d 458, 463; AssociatedEstates Corp. v. Bartell (1985), 24 Ohio App.3d 6, 9. One way that a landlord waives the notice to vacate is by accepting future rent after issuing the notice, although a landlord may accept past due rent. See Gary Crim, Inc. v. Rios (1996),114 Ohio App.3d 433, 436; Graham v. Pavarini (1983), 9 Ohio App.3d 89,92. The rationale behind this rule is that it is inconsistent for a landlord to ask a tenant to move within three days and then accept future rent. Id.
In the case at bar, appellee received and temporarily retained two money orders after issuing the notice to vacate. The July money order was partly for past due rent and partly for future rent and was retained by appellee for approximately one month. The August money order was for future rent and was retained for approximately two weeks. Both were returned uncashed prior to trial. Appellants argue that the retention of these money orders constituted acceptance of future rent and therefore waiver of the notice to vacate, since appellee failed to timely notify appellants that it was not accepting the money orders. It thus follows that the present case revolves around the question of whether a landlord is deemed to have accepted future rent, thereby waiving the statutory three-day notice to vacate, when he temporarily holds two money orders but returns them uncashed prior to trial.
In a case where the money order was not returned to the tenant prior to trial, this court held that if a landlord receives a money order for future rent payment, he may not simply retain that money order and claim that, because he never cashed it, he did not accept it. Dundon v. Balluck (Feb. 23, 1994), Mahoning App. No 93 CA 123, unreported, 1. He must either establish that the money order was being held for evidentiary purposes or inform the tenant that the money order would not be accepted in payment of rent. Id.
Because the money orders were returned to appellants before the hearing rather than at trial, appellee does not contend that it retained the money orders for evidentiary purposes. Instead, appellee argues that by returning the two uncashed money orders prior to trial, appellants were given actual notice of appellee's intent to reject the tenders of rent. We agree.
A frequently cited case in this area of law is Pace v. Buck
(1949), 86 Ohio App. 25. In that case, the Second District held:
 "where the landlord retains a money order received from the tenant in payment of rent and the landlord fails to notify the tenant that the money order was not accepted in payment of rent, or that it was retained for evidentiary purposes, and fails to tender the money order to the tenant on or before the day of trial, the retention of the money order constitutes an acceptance in payment of rent." Id. at 28.
Following this line of reasoning, in the case at bar, appellee never accepted the money orders. Specifically, appellee returned appellants' two uncashed money orders by certified mail. This return occurred more than two weeks prior to the September 9 hearing and constituted adequate notification of nonacceptance. See Id. Thus, appellee's act of temporarily retaining the money orders did not result in waiver of the three day notice to vacate. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellants' second assignment of error complains about the September 9, 1998 hearing before the magistrate by alleging:
 "THE TRIAL COURT'S FINDING FOR APPELLEE WHERE APPELLANT DID NOT APPEAR AT THE HEARING WAS CONTRARY TO LAW."
Appellants argue that the magistrate failed to comply with R.C.1923.07, which states that if the defendant fails to appear, then the court shall try the cause as though the defendant were present. Appellants claim that the magistrate simply listened to a few sentences spoken by appellee's attorney and summarily decided in appellee's favor. This may be true. However, any error is harmless. As aforementioned, appellants wrote a letter to the trial court after the magistrate issued the writ of restitution. The trial court seemed to have viewed this letter as one to vacate the judgment entered by the magistrate. As such, the trial court ordered that the entire case be reset. The trial court gave appellants another chance at a hearing. In fact, appellee objected to this second chance. (Tr. 3). Thus, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellants' third assignment of error contends:
 "APPELLEE DID NOT MEET ITS BURDEN OF PROOF IN THAT NO COMPETENT EVIDENCE WAS PRESENTED."
Appellants complain that the only evidence presented by appellee at the hearing was the unsworn testimony of its counsel. However, attached to appellee's complaint is the three day notice to vacate and an affidavit of the person who served said notice. Appellants did not dispute service of this notice.
Moreover, appellants submitted a letter to the court with attachments. The letter is construed as a filing as urged by appellants. The material in and attached to the letter actually assisted appellee in demonstrating the elements of its cause of action. For instance, appellants admitted that they paid July's rent at least eighteen days late, and they admitted that they paid August's rent one day late. They also established that appellee returned the money orders uncashed prior to the first hearing. Appellants conceded their default in the payment of rent. Thus, testimony was unnecessary for appellee to prove its case.
A judgment supported by some competent and credible evidence going to all essential elements of a case will not be reversed by the reviewing court. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77. As we stated, appellants provided the evidence going to essential elements of appellee's case. We assume appellants are not arguing that their own letter is not a competent and credible admission. As for any defenses or counterclaims to the undisputed default in rental payments mentioned in appellants' letter, the burden was on appellants to present evidence and testimony regarding these matters. Hence, appellee met its burden of proof, and this assignment of error is without merit.
 ASSIGNMENTS OF ERROR NUMBER FOUR AND SIX
Appellants' fourth and sixth assignments of error will be analyzed together as they address the following similar concepts:
 "THE TRIAL COURT'S FINDING THAT RENT WAS DUE AND OWING IS CONTRARY TO LAW."
 "THE TRIAL COURT'S FINDING THAT EVICTION WAS A REMEDY WHERE APPELLEE IS NOT IN COMPLIANCE WITH O.R.C. 3733.11 IS CONTRARY TO LAW."
The operator of a manufactured home park may bring a forcible entry and detainer action in accordance with R.C. 1923.04 if a resident under an oral tenancy is in default in the payment of rent. R.C. 1923.02(A)(2) and (B). Although an oral tenancy is permitted, the park operator is required to offer each home owner a written one year rental agreement. R.C. 3733.11(A)(1). A park operator is also required to "fully disclose in writing all fees, charges, assessments, including rental fees, and rules prior to a tenant or owner executing a rental agreement and assuming occupancy * * *." R.C. 3733.11(B). Failure to disclose all fees shall prevent the park owner from collecting any undisclosed fees and from evicting based on refusal to pay the undisclosed fees. Id.
Appellants argue that since they were not offered a one year written lease when they moved in and they were not given a written disclosure of rental fees, they are not obligated to pay rental fees and appellee is prohibited from evicting them based on their refusal to pay. Admittedly, the rental fees were not disclosed in writing as mandated by the statute. However, R.C.3733.11(B)'s ban of collection and eviction applies to undisclosed fees. Appellants admit that the $170 rental fee was disclosed to them orally, and do not dispute that they orally agreed to pay this amount. Thus, this argument is misplaced. SeeDearwester's Gem City v. Nelson (Dec. 7, 1994), Montgomery App. No. 14320, unreported, 4 (holding that where the manufactured home park resident admits the amount of monthly rent owed, she cannot claim protection from collection and eviction under R.C.3733.11(B) which deals with undisclosed fees)
However, appellants then cite to R.C. 3733.11(H)(4) which provides that no park operator shall:
 "Charge any tenant or owner any fee, charge, or assessment, including a rental fee, that is not set forth in the rental agreement or, if the rental agreement is oral, is not set forth in a written disclosure given to the tenant or owner prior to the tenant or owner entering into a rental agreement."
Appellants read this provision to plainly state that when the rental agreement is oral, then the park operator cannot charge rent unless he gives the resident a written disclosure of rent. The literal language of this subsection seems to so read.
Prior to this language, the legislature stated that it is undisclosed fees that cannot be collected. R.C. 3733.11(B). Then in subsection (H)(4), the legislature appears to say that even disclosed fees cannot be collected if they have not been given to the tenant in writing. It may be possible to reconcile this language in cases where the resident admits that the amount of rent has been orally disclosed, particularly where the resident pays the same amount of rent for one year without complaint. However, we need not delve into this issue at present.
In this case, appellants admit that appellee provided rental payment slips. One of these slips was submitted by appellants as an exhibit. The amount of rent is written in on a previously blank line. Regardless of whether it is appellee or appellants who filled in the blank, once one rental slip had been filled in, there existed a written disclosure or a written admission which acts as a disclosure of the amount of monthly rent. Thus, appellants cannot use R.C. 3733.11 to argue that rent is not owed and eviction cannot proceed. In accordance, these assignments of error are overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE
Appellants' fifth assignment of error contends:
 "IF ANY RENT WERE DUE AND OWING, APPELLEE CREATED THE DEFAULT BY ACCEPTING THE RENT TENDERED AND SUBSEQUENTLY RETURNING SAME TO APPELLANTS."
Appellants argue that appellee prevented them from paying rent by refusing appellants' attempt to pay September's rent. As mentioned supra, the landlord must refuse offers of future rent in order to avoid waiving the three day notice previously served.Dundon, supra at 1. Preventing performance occurs when a landlord refuses rent that is timely offered, not when the landlord follows case law and refuses rent offered untimely or future rent offered after the notice to vacate has been served. The money orders for both July and August were offered untimely. In accordance, this argument fails.
In an attempt to get around the above analysis, with a one sentence mention, appellants raise the allegation that there existed a pattern of accepting late rent. A traditional defense to an action for possession based upon late rental payments is that proof of a course of conduct of accepting late rent will bar a landlord from evicting unless that landlord has notified the tenant that he will no longer accept late rent. Finkbeiner v.Lutz (1975), 44 Ohio App.2d 223, 226-227.
In their letter to the trial court, appellants attached an exhibit in the form of a cashed check which was dated May 13, 1998 and which stated that it represented rent due in April and May. Nonetheless, evidence that two late payments were accepted in ten months does not conclusively establish a pattern of accepting late rent. Simoudis v. Diehl (1996), 116 Ohio App.3d 296,298 (holding that accepting late rent for the first three months of a tenancy does not establish a pattern, and stating that no cases provide support for tenant's argument to the contrary).
Furthermore, appellee's attorney argued that a complaint had been filed that spring against appellants for nonpayment of rent but was dismissed, and appellants were given a another chance. Appellants did not offer testimony or sufficient evidence to prove that late payments were found acceptable. Thus, a pattern of accepting late rent was not established. This assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All rent in escrow shall be released to appellee immediately. The stay shall remain in effect for forty-five days following the date of this opinion, after which appellants shall have returned possession of the lot to appellee.
JUDGMENT: Affirmed.
Cox, P.J., Donofrio, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE