[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 417.]

DENNIS ET AL., APPELLANTS, *v*. MORGAN, APPELLEE.

[Cite as *Dennis v. Morgan*, 2000-Ohio-211.]

*Landlord and tenant—Three-day notice to vacate pursuant to R.C. 1923.04 does not terminate tenant's obligations to pay rent for remainder of term or until a new tenant is secured.*

The issuance of a three-day notice to vacate pursuant to R.C. 1923.04 does not terminate the obligations of the tenant to the landlord to pay rent for the remainder of the term or until a new tenant is secured in the exercise of reasonable diligence.

(No. 99-1545—Submitted February 23, 2000—Decided August 9, 2000.)

CERTIFIED by the Court of Appeals for Fulton County, No. F-98-025.

————————————

{¶ 1} In this case we are asked to settle a conflict between appellate districts as to whether, absent specific provisions in the lease, a landlord's election to terminate a lease agreement releases a tenant from liability for rent not yet due at the time of eviction.

{¶ 2} Plaintiffs-appellants Timothy and Suzanne Dennis rented an apartment in Delta to appellee Angela Morgan. The lease, entered into on June 20, 1996, was for a one-year term. The Dennises served Morgan with a notice to vacate premises on November 1, 1996, pursuant to R.C. 1923.04, based on allegations of excessive noise and other disturbances. Morgan thereafter vacated the premises pursuant to a court order.

{¶ 3} On February 4, 1998, appellants filed a complaint against Morgan, seeking damages including rent for the seven months the apartment remained vacant through the lease's termination date of June 20, 1997. They also sought damages for repair expenses and cleaning costs. Appellants amended their

complaint on July 16, 1998, seeking damages in lieu of rent, but still measuring the damages by the amount of rent.  Morgan filed a motion for summary judgment, which the trial court granted, relying on *Cubbon v. Locker* (1982), 5 Ohio App.3d 200, 202, 5 OBR 462, 464, 450 N.E.2d 697, 700.  The *Cubbon* court held that a lessor's service of a notice to vacate terminates a tenant's obligations to pay rent not yet due under the lease agreement.  The court of appeals affirmed the trial court's decision as to Morgan's liability for posteviction rent, citing *Cubbon*.

{¶ 4} Appellants moved the appellate court to certify a conflict between its holding and that of the Franklin County Court of Appeals in *Briggs v. MacSwain* (1986), 31 Ohio App.3d 85, 86, 31 OBR 126, 127, 508 N.E.2d 1028, 1029.  The *Briggs* court held that "the issuance of a three-day notice to vacate pursuant to R.C. 1923.04 does not terminate the obligations of the tenant to the landlord to pay rent for the remainder of the term or until a new tenant is secured in the exercise of reasonable diligence, whichever is earlier."

{¶ 5} The appellate court granted appellants' motion to certify.  This cause is now before the court upon our determination that a conflict exists.

---

*Barber, Kaper, Stamm & Robinson* and *L. Scott Helkowski*, for appellants.
*Meister & Meister* and *Sheldon C. Meister*, for appellee.

---

**PFEIFER, J.**

{¶ 6} We hold that the issuance of a three-day notice to vacate pursuant to R.C. 1923.04 does not terminate the obligations of the tenant to the landlord to pay rent for the remainder of the term or until a new tenant is secured in the exercise of reasonable diligence.

{¶ 7} R.C. Chapter 1923 deals with forcible entry and detainer.  Pursuant to R.C. 1923.02(A)(9), a forcible entry and detainer proceeding can be had against "tenants who have breached an obligation imposed upon them by a written rental

agreement." The statute empowers landlords to regain possession of their property upon a tenant's breach of the rental agreement. R.C. 1923.04 requires notice to the tenant—the landlord must notify the adverse party to leave the premises at least three days before bringing the action.

{¶ 8} There is no dispute in this case that Morgan violated the terms of the rental agreement, nor is there a dispute that appellants properly served a notice to vacate. The issue is whether the notice to vacate the premises absolved Morgan of her liability for damages based on future rent due under the lease.

{¶ 9} The trial and appellate courts relied on *Cubbon v. Locker* (1982), 5 Ohio App.3d 200, 5 OBR 462, 450 N.E.2d 697, where the court held that service of the three-day notice to vacate the premises is an election of remedies and operates as notice to the tenant that the tenancy is terminated. The court further reasoned that the termination of the tenancy releases the tenant from rent not yet due.

{¶ 10} To determine whether the use of an action for forcible entry and detainer constitutes an election of remedies, we look to the statutory chapter at issue. We find that Ohio's statutory scheme does not force a landlord to choose between eviction and a claim for damages for breach of contract. Rather, R.C. 1923.03 states, "Judgments under this chapter [regarding forcible entry and detainer actions] are not a bar to a later action brought by either party." Thus, R.C. Chapter 1923, by its own terms, does not limit landlords' remedies upon a breach merely to securing their property through eviction. Lessors may also bring a separate suit for damages brought about by the lessee's breach.

{¶ 11} The allowance of a separate suit indicates the General Assembly's realization that post-termination damages, including rents, are unknowable at the time of the institution of eviction proceedings. Damages are not knowable upon termination because termination does not operate as a windfall for the landlord— the remaining rents under the agreement do not come due all at once. As in any other breach-of-contract action, a plaintiff landlord must prove damages.

**{¶ 12}** The statutory language is consistent with the idea that despite the termination of the lease the extent of the lessee's liability remains in doubt. Lessees are potentially liable for rents coming due under the agreement as long as the property remains unrented. The important corollary to that is that landlords have a duty, as all parties to contracts do, to mitigate their damages caused by a breach. Landlords mitigate by attempting to rerent the property. Their efforts to do so must be reasonable, and the reasonableness should be determined at the trial level. If the lessor has acted reasonably in attempting to secure a new tenant, the lessee is liable for the rent up to the point of the lessor's finding a new tenant, or the expiration of the lease, whichever is earlier.

**{¶ 13}** Depending on the length of the lease, the final determination of damages for post-termination rent could take time—and the statute recognizes that by not requiring joinder at the time of eviction. R.C. 1923.081 does note that those claims that are definite at the time of eviction, past due rent and other damages, may be joined with a forcible entry and detainer action.

**{¶ 14}** We thus find that R.C. Chapter 1923, in its allowance of separate actions under the lease by both parties does contemplate that lessees are liable to lessors for post-termination rent. We find that *Cubbon* is therefore flawed.

**{¶ 15}** *Cubbon* also conflicts with the public policy reasoning of the court in *Briggs v. MacSwain* (1986), 31 Ohio App.3d 85, 31 OBR 126, 508 N.E.2d 1028. That court plainly held that a three-day notice to vacate does not terminate the obligations of the tenant to pay rent for the remainder of the term. The *Briggs* court considered which party should bear the burden caused by a lessee's breach of the lease:

"A tenant may not avoid her obligations under the lease agreement for payment of the rent during the term of the lease, or until a new tenant is secured, by failing to pay her rent and then vacating after she receives the required three-

day notice for non-payment of rent." 31 Ohio App.3d at 86, 31 OBR at 127, 508 N.E.2d at 1029.

{¶ 16} The breach of the lease in *Briggs* was failure to pay rent, whereas the breach here was for violating the agreement's "nondisturbance" clause, but the reasoning is the same. Should a person be able to escape her obligations under a lease by purposefully violating that lease and waiting for the lessor to present her with a three-day notice to vacate? We agree with the *Briggs* court that the answer to that question is "no." Otherwise, whenever a lease became unpalatable, a lessee could commit some bad act and thereupon be relieved of the burden of her bargain.

{¶ 17} In the present case, the statutory law and public policy are on the side of the landlords, insofar as the recoverability of some rent after termination is concerned. However, the law may not be with them upon remand if they cannot show that they reasonably attempted to relet the property for seven months. A seven-month vacancy strains the limits of reasonableness.

{¶ 18} Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court.

*Judgment reversed*

*and cause remanded.*

DOUGLAS, LAZARUS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., concurs in the syllabus and judgment.

CYNTHIA CECIL LAZARUS, J., of the Tenth Appellate District, sitting for RESNICK, J.

————————————