DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Satya P. Agarwal, appeals from the decision of the Cuyahoga Falls Municipal Court. We affirm.
 I. {¶ 2} In August 2002, Ms. Jennifer Mulligan agreed to lease a townhouse from Ms. Agarwal, at $317.50 per month for a period of one year. In February 2003, Ms. Mulligan vacated the apartment with six months remaining and refused to pay further rent, thereby breaching the lease. In an effort to recover the remaining rent, Ms. Agarwal filed a small claims action, which was heard before a magistrate in April 2003.
 {¶ 3} The magistrate found that Ms. Mulligan was liable for the two months' outstanding rent, March and April 2003, and awarded Ms. Agarwal a sum of $750 plus interest.[1]
However, the magistrate denied the anticipated future rent, because the possibility of re-letting made the damages uncertain. Ms. Agarwal filed objections to the magistrate's decision, claiming that she was entitled to the remaining four months' rent. Her theory was that she had no duty to mitigate, or that mitigation of damages is an affirmative defense that Ms. Mulligan failed to plead. As a result, the trial court ordered the case back to the magistrate to resolve these issues.
 {¶ 4} After conducting a further hearing, affording each party the opportunity to argue its position, the magistrate issued a new decision in October 2003. Therein, the magistrate explained that the prior decision was not based on the duty or failure to mitigate, but rather, that the possibility of re-letting the unit before the scheduled termination of the lease made the future damages too speculative to sustain an award at that time. Therefore, the magistrate reasserted the prior position that Ms. Agarwal was not entitled to any rent beyond April 2003. Once again, Ms. Agarwal filed objections to the magistrate's decision.
 {¶ 5} The trial court conducted yet another hearing on this issue, reviewed the parties' filings, and on March 16, 2004, issued a detailed order adopting the magistrate's decision. It is from this decision that Ms. Agarwal appeals.
 {¶ 6} Ms. Agarwal timely appealed, asserting four assignments of error for review.
 II. A. First Assignment of Error
"The trial court committed reversible error in ruling that the landlord was not entitled to recover the entire amount of post-termination rent from the tenant on the grounds that the amount of damages was speculative."
 {¶ 7} In her first assignment of error, Ms. Agarwal asserts that the trial court erred by refusing to award her the future rent she sought, even though it was speculative. We disagree.
 {¶ 8} In support of this argument, Ms. Agarwal relies onDennis v. Morgan (2000), 89 Ohio St.3d 417. The holding inDennis was that a landlord can both evict a tenant and recover unpaid rent, upon the inability to re-let the property; these remedies are not mutually exclusive. Id. at 418. Nothing in that opinion suggests that a landlord can obtain speculative or uncertain damages, such as anticipated future rent payments. Rather, the opinion expressly renounces such a windfall, reaffirming that the landlord has a duty to mitigate and the burden of proving actual damages. Id. at 419. Based on our reading of Dennis, Ms. Agarwal's reliance is entirely misplaced.
 {¶ 9} Under Ohio law generally, and the Dennis opinion in particular, a party cannot recover purely speculative damages. Id.; Mid-America Tire, Inc. v. PTZ Trading Ltd. (2002),95 Ohio St.3d 367, 379. The trial court reasoned: "[Ms. Agarwal] could have waited until the apartment was re-let or until the termination of the lease to file this action. By filing prior to the end of the lease, it made damages speculative." At least in theory, a replacement tenant may have arrived at Ms. Agarwal's doorstep on May 1, 2003, willing and able to assume the remaining rent, and thereby mitigating any future damages. While such a possibility is unknown and perhaps unlikely, it is the mere possibility that makes the claimed damages speculative and therefore unrecoverable.
 {¶ 10} While the Dennis holding refutes Ms. Agarwal's argument by reaffirming her duty to mitigate, that facet of the rule is essentially irrelevant to a decision as of April 2003, which predated accrual of actual damages or even the opportunity to mitigate. Regardless of any duty or failure to mitigate, the possibility of re-letting simply made any future damages too speculative to sustain an award at that time. On this basis, Ms. Agarwal was not entitled to damages which had not been established at the time of trial.
 {¶ 11} Ms. Agarwal's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court committed reversible error in ruling that the tenant was not required to raise her affirmative defense that the landlord did not mitigate her damages."
 Third Assignment of Error
"The trial court committed reversible error in ruling that the issue of mitigating damages was raised before the Magist[r]ate Judge and that the Magistrate had ruled that the landlord failed to mitigate."
 Fourth Assignment of Error
"The trial court committed reversible error in ruling that the landlord did not mitigate her damages."
 {¶ 12} In her second, third, and fourth assignments of error, Ms. Agarwal challenges the trial court's findings on her duty or failure to mitigate damages. As explained above, this appeal does not address the actual damages awarded for March-April 2003, but involves only the future damages from May to August 2003. That is because Ms. Agarwal filed her claim before actual damages had accrued for the months of May through August 2003. Thus, the opportunity or failure to mitigate under this scenario is immaterial. Simply put, the landlord bears the burden of proving actual damages. Dennis, 89 Ohio St.3d at 419. Prior to such time, there is no need for the defendant to demonstrate or the court to weigh an affirmative defense.
 {¶ 13} Because of our decision on Ms. Agarwal's first assignment of error, that she could not meet her burden because the claimed damages were purely speculative and unrecoverable as of April 2003, it would be inappropriate to address the second, third or fourth assignments of error challenging the defense, and as such, they are rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 14} Ms. Agarwal's first assignment of error is overruled. The remaining assignments of error are not addressed, as they have been rendered moot. The decision of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J., concurs.
Carr, P.J., concurs in judgment only.
[1] Although it appears that the magistrate awarded a rent amount of $375 per month (while it is undisputed that the actual rent was $317.50 per month), Ms. Mulligan has not contested this $115 discrepancy and therefore we do not take it upon ourselves to do so.