DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Satya Agarwal, appeals from the judgment of the Cuyahoga Falls Municipal Court granting her post judgment interest. This Court reverses.
 I. {¶ 2} Appellee, Jennifer Mulligan, was a tenant in an apartment owned by Appellant. Prior to the termination of the lease, Appellee vacated the apartment. As a result, Appellant sought and received judgment in the amount of $750.00 against Appellee on March 16, 2004. Appellant appealed that award, asserting that she was entitled to the entire amount of rent owed under this lease. On September 1, 2004, this Court affirmed the trial court's judgment finding that Appellant's future damages were speculative. See Agarwal v. Mulligan, 9th Dist. No. 22021, 2004-Ohio-4574.
 {¶ 3} Following the appeal, the parties attempted to satisfy the judgment. Appellee, however, attempted to deduct her security deposit from the amount of the trial court's judgment. Appellant refused to accept the funds offered by Appellee stating that the amount offered did not satisfy the judgment ordered by the court. Appellee, therefore, requested a hearing before the magistrate to determine whether her proposed setoff was appropriate. The magistrate denied the motion for a hearing and reiterated that Appellant was entitled to $750.00 and stated that Appellant was entitled to post judgment interest from September 1, 2004. Appellant objected to the magistrate's decision, arguing that interest should have accumulated from an earlier date. The trial court overruled Appellant's objections, finding that interest should accrue from September 1, 2004. Appellant timely appealed, raising three assignments of error for our review. As Appellant's second and third assignments of error assert that the trial court erred in its factual findings regarding the date utilized for the calculation of post judgment interest, they will be addressed together.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING THAT [APPELLANT] WAS NOT ENTITLED TO RECOVER INTEREST FROM THE MAGISTRATE'S ORIGINAL JUDGMENT IN HER FAVOR, RENDERED ON APRIL 30, 2003, DUE TO HER UNSUCCESSFUL APPEAL."
 {¶ 4} In her first assignment of error, Appellant asserts that interest should accrue from April 30, 2003, the date of the magistrate's decision recommending she be awarded judgment. We find that such an argument lacks merit.
 {¶ 5} R.C. 1343.03(A) permits post judgment interest following "judgments, decrees, and orders." The magistrate's decision, however, is "merely an additional resource at the court's disposal in determining the issues before it." In re Zakov (1995), 107 Ohio App.3d 716, 717. In addition, the civil rules provide that a "magistrate's decision shall be effective when adopted by the court." Civ.R. 53(E)(4)(a). Appellant has not provided, and this Court has found no authority by which post judgment interest could be awarded prior to the trial court entering judgment. In the instant matter, the trial court did not enter judgment against Appellee until March 16, 2004. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING THAT [APPELLANT] DELAYED THE [APPELLEE'S] PAYMENT BY STAYING THE MATTER PENDING APPEAL."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING THAT [APPELLEE] HAS BEEN WILLING TO PAY THE JUDGMENT IN THIS MATTER."
 {¶ 6} In her second and third assignments of error, Appellant argues that the trial court erred in finding that post judgment interest should be calculated from the day her unsuccessful appeal was terminated. We agree.
 {¶ 7} R.C. 1343.03(A) governs the award of post judgment interest and provides in pertinent part as follows:
"[W]hen money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]"
Accordingly, it is undisputed that Appellant was entitled to interest on the trial court's judgment. The parties, however, dispute the applicable date from which interest should accrue. In its order, the trial court found that interest should accrue following the appeal because Appellant stayed the matter by appealing and because Appellee was willing to satisfy the judgment.
 {¶ 8} This Court will not reverse the trial court's findings of fact if they are supported by some competent and credible evidence in the record. Jaroch v. Madalin, 9th Dist. No. 21681, 2004-Ohio-1982, at ¶ 8. In the instant matter, neither of the facts relied upon by the trial court are supported by any evidence in the record. The record and docket in the lower court do not demonstrate that Appellant ever sought or received a stay of the lower court judgment pending appeal. In addition, the record does not contain any evidence that Appellee ever tendered the full amount of the judgment to Appellant.
 {¶ 9} This Court has previously addressed the impact of an appeal on the grant of post judgment interest.
"The controlling factor in determining this issue is not which party appealed or which first appealed. Rather the issue turns on which party has the use of the money during the pendency of the appeal — either the judgment debtor can tender payment in full to toll the running of interest or retain use of the money and presumably invest it for the duration of the appeal." Weber v. Weber (Feb. 11, 1998), 9th Dist. No. 18355, quoting Braun v. Pikus (1995), 108 Ohio App.3d 29, 32.
Accordingly, the trial court erred in both of its findings. Appellant's initial appeal did not alter the appropriate date for an award of post judgment interest. Appellee retained the use of the money during Appellant's appeal and never tendered payment in full to toll the running of interest.
 {¶ 10} Judgment was entered against Appellee on March 16, 2004, and there is no evidence in the record to support using another date to calculate the interest. Accordingly, Appellant's second and third assignments of error are sustained.
 III. {¶ 11} Appellant's first assignment of error is overruled, and Appellant's second and third assignments of error are sustained. The judgment of the Cuyahoga Falls Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J. Batchelder, J. Concur.