OPINION
{¶ 1} Plaintiff-appellant Inverness Gardens, LLC appeals the judgment of the Findlay Municipal Court ordering defendants-appellees Steven R. Fish, Aimee M. Fish, and Kristine Stoner to pay $100 for miscellaneous damages, plus costs and interest. For the reasons that follow, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.
 {¶ 2} On August 27, 2004, Justin M. Fish and Janel K. Stoner signed a one-year lease with Inverness for a residential apartment in Findlay, Ohio. The lease ran from October 1, 2004 to September 30, 2005. The annual rent for the apartment totaled $6,900, and it was payable in 12 monthly installments of $575. A security deposit in the amount of $575 was also required.
 {¶ 3} Steven, Aimee, and Kristine all signed respective parental guarantees for Justin and Janel. Steven and Aimee signed a guarantee assuring Justin's compliance with the terms of the lease. Similarly, Kristine signed a guarantee assuring Janel's compliance with the terms of the lease. *Page 3 
 {¶ 4} Justin and Janel paid rent through the month of April but several problems arose. For example, Janel reported to Inverness, on April 26, 2005, that water had leaked through the dining room ceiling and that loose plumbing had caused mildew to develop. Consequently, Justin and Janel did not pay rent for the month of May or any month thereafter. According to Inverness, steps were taken to fix the problems.
 {¶ 5} On May 20, 2005, Inverness provided Justin and Janel a three-day notice of non-payment of rent. Inverness later sought to evict Justin and Janel. Apparently, Janel left the apartment during the month of May. Later in the month, Justin did so as well.
 {¶ 6} On March 1, 2006, Inverness filed a complaint in the Findlay Municipal Court, Small Claims Division, against Steven, Aimee, and Kristine. In its complaint, Inverness sought $2,525 for unpaid rent, interest, and miscellaneous damages. Steven and Aimee argued: the water leakage and/or mildew had rendered the apartment uninhabitable; and the property manager, Madelyn Kendrick, had orally released Justin and Janel from paying rent. Steven and Aimee also filed a cross-claim against Kristine for half of any money paid to Inverness. Kristine filed for bankruptcy.
 {¶ 7} On May 16, 2006, this matter proceeded to trial before a magistrate in small-claims court. Steven and Aimee appeared pro se. Kristine did not *Page 4 
appear. Following the trial, the magistrate recommended the trial court enter judgment against Steven, Aimee, and Kristine, jointly and severally, for $2,525 plus interest. Steven and Aimee filed objections to the magistrate's recommendation; Kristine did not.
 {¶ 8} On July 31, 2006, the trial court issued a judgment entry rejecting the magistrate's recommendation. In the entry, the trial court found Steven, Aimee, and Kristine were not liable for some of the unpaid rent because Inverness failed to prove it took efforts to re-rent the apartment and mitigate damages. But, the trial court permitted Inverness to apply the $575 security deposit toward the unpaid rent for the month of May and awarded Inverness $100, plus costs and interest, for miscellaneous damages. The trial court also dismissed Steven and Aimee's cross-claim against Kristine.
 {¶ 9} Inverness subsequently appealed to this court and set forth one assignment of error for our review. For purposes of clarity, we quote the assignment of error exactly as it appears in Inverness's brief.
 ASSIGNMENT OF ERROR A tenant who vacates a residential rental premises pursuant to a notice to vacate is responsible for rent until the lease term ends or until the premises are relet [sic]. However, when a tenant vacates rental premises prior to the expiration of the lease term, the land [sic] lord has a duty to secure a new tenant in order to mitigate damages. In Ohio, the failure to mitigate damages is an affirmative defense. Thus, the tenant has the burden to prove that the landlord failed to mitigate damages. *Page 5 
 {¶ 10} In essence, Inverness argues the trial court erred when it found Steven, Aimee, and Kristine were not liable for some of the unpaid rent because Inverness failed to prove it took efforts to re-rent the apartment and mitigate damages. Specifically, Inverness argues the trial court erred because it inappropriately shifted the burden to Inverness to prove an affirmative defense, i.e., failure to mitigate damages.
 {¶ 11} As a procedural matter, we note Steven, Aimee, and Kristine did not file a brief in this appeal. App.R. 18(C) provides an appellee's failure to file a brief enables an appellate court to "accept the appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Accordingly, we accept Inverness's statement of facts and issues as correct, and we hold Inverness's brief and arguments warrant reversal of the trial court's judgment.
 {¶ 12} A landlord has a duty to employ reasonable efforts to mitigate damages caused by the breach of a residential lease agreement.Dennis v. Morgan (2000), 89 Ohio St.3d 417, 419, 732 N.E.2d 391. Notably, landlords mitigate damages by attempting to re-rent the property at issue. Id. A landlord's efforts to re-rent must be reasonable, and the reasonableness of the landlord's efforts should be determined at the trial level. Id. *Page 6 
 {¶ 13} The failure to mitigate damages is an affirmative defense.Hines v. Riley (1998), 129 Ohio App.3d 379, 383, 717 N.E.2d 1133, citingYoung v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244,569 N.E.2d 1034; State ex rel. Martin v. Columbus Dept. of Health
(1979), 58 Ohio St.2d 261, 265, 12 O.O.3d 268, 389 N.E.2d 1123. As such, it is the tenant who must ordinarily prove the landlord failed to mitigate damages by not re-renting the property at issue.Hines, 129 Ohio App.3d at 383; Helton v. Storms (Dec. 16, 1996), 12th Dist. No. CA96-08-155.
 {¶ 14} In this case, the magistrate raised the issue of mitigation at trial. The magistrate asked Madelyn Kendrick about Inverness's efforts to fix the aforementioned problems and re-rent the apartment. Kendrick described the efforts to re-rent the apartment in very general, non-descript terms. As a result, the record is devoid of testimony or evidence that clearly establishes Inverness's efforts to re-rent the apartment and mitigate damages. Nor does the record contain any testimony or evidence that clearly establishes the reasonableness of such efforts.
 {¶ 15} Nevertheless, the trial court found Steven, Aimee, and Kristine were not liable for some of the unpaid rent because Inverness failed to prove it took efforts to re-rent the apartment and mitigate damages. Upon review, however, we find the trial court inappropriately shifted the burden of proof to Inverness. We *Page 7 
further find Steven, Aimee, and Kristine did not offer any evidence or testimony to support the affirmative defense, and no clear evidence or testimony regarding Inverness's efforts to re-rent the apartment was otherwise presented or elicited at trial. As such, we believe the trial court erred when it found Steven, Aimee, and Kristine were not liable for some of the unpaid rent, and we hold Inverness's brief and arguments warrant reversal of the trial court's judgment. Inverness's sole assignment of error is therefore sustained.
 {¶ 16} Having found error prejudicial to Inverness in the particulars assigned and argued, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1