[Cite as *Howard v. Bond*, 2012-Ohio-254.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

KENNETH HOWARD, PRESIDENT  :
HOWARD COMPANIES, INC.,       :
                              :
    Plaintiff-Appellee,       :   Case No. 11CA820
                              :
    vs.                       :   **Released: January 10, 2012**
                              :
SHANNON L. BOND,              :   <u>DECISION AND JUDGMENT</u>
                              :   <u>ENTRY</u>
    Defendant-Appellant.      :

<u>APPEARANCES</u>:

Shannon L. Bond, Waverly, Ohio, Appellant, pro se.

Joseph P. Sulzer, Chillicothe, Ohio, for Appellee.

McFarland, J.:

**{¶1}** Appellant Shannon L. Bond appeals the trial court's decision granting judgment against her for breaching a rental agreement. She argues the trial court erred in calculating the amount of damages she owes Appellee Kenneth Howard, President of Howard Companies, Inc. Having reviewed the record, we find the trial court erred in calculating damages and sustain Appellant's sole assignment of error. As such, we reverse the trial court's judgment.

## FACTS

{¶2} Appellant entered into a contract with Appellee to lease the premises located at 412 East 5th Street, Waverly, Ohio. The lease began April 1, 2010 and ended December 31, 2010, and Appellant had the option to buy the premises afterward. Appellant was to pay $1,017 per month in rent, but would receive a $100 discount if she postmarked her rent by the fifth of each month, making her rent $917 each month if timely paid.[1]

{¶3} Appellant made full and timely rental payments for April and May, but for June, July, and August she only paid $750 each month. On August 1, 2010, Appellant notified Appellee she would be vacating the premises by August 31, 2010, which she did. Appellant made no further payments under the lease. Consequently, Appellee filed suit to recover the full amount due under the lease, including rent for the remaining months of September through December, totaling $4,866.

{¶4} Following a trial to the court, the court entered judgment against Appellant for $4,196. The trial court found Appellant owed a deficiency of $501 for the months of June through August, plus the full rental amount of $1,017 for September through November and $1,014 for December. The trial court deducted $400 from the amount due, accounting for Appellant's security deposit, and entered a final judgment against Appellant for $4,196. Appellant now appeals.

---

[1] December's rent was $1,014, or $914 if timely.

ASSIGNMENT OF ERROR

{¶5} "The Trial Court [e]rred by not taking into consideration the Mitigation of Damages Doctrine alleging that the Defendant-Appellant owed rent for the months of November and December of 2010 as well as the entire month of October 2010."

{¶6} In her sole assignment of error, Appellant argues the trial court erred in failing to reduce the amount she owed under the lease when the evidence demonstrated Appellee had re-rented the premises. Specifically, Appellant believes Appellee re-rented the premises as of October 25, 2010, and Appellee's damages ceased accruing on that date.

{¶7} We note that while Appellant phrases her assignment of error as the trial court failing to consider the "Mitigation of Damages Doctrine," the thrust of her objection concerns the trial court's calculation of damages. Appellant's concern is not that Appellee failed to mitigate its damages, but rather Appellee did, in fact, mitigate its damages, which the trial court failed to incorporate into its damages calculation.

{¶8} Appellee counters that Appellant did not raise this matter as an affirmative defense before the trial court, and essentially waived such argument. Appellee also notes Appellant bore the burden of proving this matter at trial.

## STANDARD OF REVIEW

{¶9} "An appellate court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion." *Gilbert v. Crosby* (Jan. 22, 2001), 4th Dist. No. 00CA020, 2001-Ohio-2864, citing *Roberts v. U.S. Fid. & Guar. Co.* (1996), 75 Ohio St.3d 630, [634,] 665 N.E.2d 664, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.  See, also, *Henry v. Richardson*, 12th Dist. Nos. CA2010–05–110, CA2010–05–127, 2011-Ohio-2098, at ¶ 8; *Mtge. Electronic Registration Sys., Inc. v. Lambert*, 8th Dist. No. 94681, 2011-Ohio-461; *Labonte v. Labonte*, 4th Dist. No. 07CA15, 2008-Ohio-5086, at ¶ 18; *Ornemaa v. CTI Audio, Inc.*, 11th Dist. No. 2007-A-0088, 2008-Ohio-4299, at ¶ 137.

{¶10} "Lessees are potentially liable for rents coming due under the agreement as long as the property remains unrented.  The important corollary to that is that landlords have a duty, as all parties to contracts do, to mitigate their damages caused by a breach.  Landlords mitigate by attempting to rerent the property. * * *  If the lessor has acted reasonably in attempting to secure a new tenant, the lessee is liable for the rent up to the point of the lessor's finding a new tenant, or the expiration of the lease, whichever is earlier." *Dennis v. Morgan*, 89 Ohio St.3d 417, 419, 2000-Ohio-211, 732 N.E.2d 391.  "[C]ontract law acknowledges that mitigation, otherwise known as the doctrine of avoidable

consequences, may justly place an injured party 'in as good a position had the contract not been breached at the least cost to the defaulting party.'" *Frenchtown Square Partnership v. Lemstone, Inc.*, 99 Ohio St.3d 254, 2003-Ohio-3648, 791 N.E.2d 417, at ¶ 12, quoting *F. Ent., Inc. v. Kentucky Fried Chicken Corp.* (1976), 47 Ohio St.2d 154, 159-160, 351 N.E.2d 121.

## LEGAL ANALYSIS

**{¶11}** During the trial to the court, Appellant explicitly raised the issue of Appellee's mitigation of damages. Appellant testified she was trick-or-treating with her children on October 31, 2010 and observed new tenants residing at the premises. (Tr. at 14.) She asked not to be held liable for two months' rent because Appellee had obtained a new tenant. (Id.) Appellee's own witness confirmed new tenants were leasing the premises as of October 25, 2010 or November 2010. (Tr. at 7, 20.) Moreover, when explaining the extent of Appellee's damages, Appellee's witness testified Appellee was only seeking to recover $2,835: $801 for August,[2] $1,017 for September, and $1,017 for October. (Tr. at 7.) This figure did not include November or December. Yet the trial court entered judgment against Appellant in the amount of $4,196, which included unpaid rent for November and December.

---

[2] We gather the $801.00 represented the difference between what Appellant paid the months of June through August and what was actually due. Appellant only paid $750.00 for each of these months, yet her rent was $1,017.00, leaving a deficiency of $267.00 for each month, or $801.00 total.

{¶12} Having reviewed the record and the evidence therein, we find the trial court erred when it calculated Appellee's damages. While there was uncertainty regarding the exact date Appellee re-rented the premises, it was undisputed, and Appellee conceded, that as of November 1, 2010, Appellee had re-rented the premises. Upon re-renting the premises, Appellee's damages ceased to accrue and Appellant was not wholly liable for unpaid rent for November or December.[3] Thus, the trial court's decision to include these months in its calculation of Appellee's damages was unreasonable and an abuse of discretion.

{¶13} Accordingly, we affirm Appellant's sole assignment of error. We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION**.

Harsha, P.J., concurring:

{¶14} I concur in judgment and opinion with the sole exception that I apply a manifest weight of the evidence standard of review to conclude the trial court's calculation of damages was erroneous.

{¶15} In applying the abuse of discretion standard, the principal opinion cites several appellate cases, including two in which I concurred, and the Supreme Court of Ohio's decision in *Roberts v. U.S. Fid. & Guar. Co.* (1996), 75 Ohio St.3d

---

[3] However, were Appellee to establish that the rent collected from the new tenant is less than Appellant was obligated to pay for those two months, Appellee could recover the difference. See *F. Ent., Inc.* at 160.

630, at 634.  *Roberts* in turn cites *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, as authority for using the abuse of discretion standard to review a damages award.  *Blakemore* does espouse using an abuse of discretion standard of review, but it dealt with the termination of an alimony award, not damages arising from the breach of a lease.  Because a trial court has broad discretion in domestic relations actions, the abuse of discretion standard was appropriate in *Blakemore*.  Why the court in *Roberts* cited *Blakemore* for its application of the abuse of discretion standard on the breach of contract/damages context, I do not know.

{¶16} But I do know that *Roberts* did not carry that conclusion over to a syllabus.  Rather, *Roberts* concluded by holding, "Accordingly, we affirm the court of appeals' finding that the trial court's determination of damages was not against the manifest weight of the evidence."  *Roberts* at 634.

{¶17} Upon reflection, I agree with the application of the manifest weight standard to review damages arising from a broken lease because of the factual character of that task.  Determining the appropriateness of a damage award is largely a question of whether the facts in evidence support the trial court's judgment.  It is not one of those tasks where the trial court is afforded great discretion because of the need for flexibility, e.g., the scheduling of a continuance; or the decision involves facts that are endlessly variable so it becomes difficult to devise a more rigid standard to cover all the possible array of decisions; or the

issues are novel or fleeting so the evolutionary process of rule making has not yet run its course; or the need for on the scene presence, i.e., "you had to be there," because the ruling is based on circumstances that are critical to the decision but cannot be conveyed effectively by the cold record. See, generally, Maurice Rosenberg, "Judicial Discretion of the Trial Court, Viewed from Above" 22 Syracuse L.Rev. 635 (1971).

{¶18} Thus, upon reflection I apply the Supreme Court of Ohio's ultimate conclusion in *Roberts* that appellate review of the appropriateness of the amount of a damage award in a breach of contract action should be determined under a manifest weight of the evidence standard.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J.: Concurs with Concurring Opinion.
Kline, J.: Concurs in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**