[Cite as *Bee Holdings Ltd. v. Fitzpatrick*, 2016-Ohio-1042.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

BEE HOLDINGS LIMITED,                :        APPEAL NO. C-150409
                                                       TRIAL NO. A-1400132
    Plaintiff-Appellant,        :
                                                              *O P I N I O N.*
  vs.                                            :

PAULA FITZPATRICK,                      :

    Defendant-Appellee.       :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                      Remanded

Date of Judgment Entry on Appeal:  March 16, 2016


*Anthony J. Muto,* for Plaintiff-Appellant


*Paula Fitzpatrick,* pro se.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal by a landlord in a case involving a residential lease. At issue are past-due payments owed to the landlord for the tenant's occupancy of the premises. We conclude that the trial court improperly calculated the amount that was due the landlord, so we remand the matter to the trial court to correct the error.

{¶2} Paula Fitzpatrick entered into a two-year lease with BEE Holdings Limited ("BEE") for a house. The term of the lease was November 15, 2012, to November 14, 2014. The lease provided that the amount due each month was $1,100 for rent of the premises plus $100 as option money, for a total monthly payment of $1,200. By including the option, BEE gave Ms. Fitzpatrick the right to purchase the home at the end of the lease period with the $2,400 that would be paid in option payments over the life of the lease credited to the agreed purchase price.

{¶3} BEE filed an eviction action against Ms. Fitzpatrick in October 2013. It requested $2,600 in damages for amounts past due under the lease, plus any additional amounts that would be due from the commencement of the lawsuit until the time Ms. Fitzpatrick vacated the premises. Ms. Fitzpatrick filed a counterclaim, asserting claims for fraud, negligence and rescission.

{¶4} Ms. Fitzpatrick vacated the premises on December 13, 2014. On June 4, 2015, the trial court granted summary judgment in favor of BEE and awarded damages in the amount of $3,800. It dismissed Ms. Fitzpatrick's counterclaims. BEE now appeals, asserting in its sole assignment of error that the trial court erred in its calculation of damages. We agree.

{¶5} The record demonstrates that Ms. Fitzpatrick owed $2,600 under the terms of the lease at the time the lawsuit was filed. This amount was for full payments

2

for July and October 2013, plus missed option payments of $100 each for August and September. Ms. Fitzpatrick then did not pay in November or December. From January through November 2014, she made payments to the court, for an estimated total of $13,200. By its terms, the lease terminated on November 14, 2014, and Ms. Fitzpatrick vacated the premises on December 13, 2014.

{¶6}    When a property owner pursues eviction, the tenant is liable for the unpaid rent until the lease expires or the premises are rerented. *Dennis v. Morgan*, 89 Ohio St.3d 417, 418, 732 N.E.2d 391 (2000). Here, Ms. Fitzpatrick remained in the home and was liable for the amount due under the lease ($1,200 per month) until the lease terminated on November 14, 2014.

{¶7}    In addition, Ms. Fitzpatrick remained in the home for an additional month after the lease terminated. At that point, she became a holdover, month-to-month tenant subject to the terms set forth in the lease. *See Harmony Lodge v. White*, 30 Ohio St. 569, 573 (1876). The lease divided the amount due into $100 for the option and $1,100 for rent. Once the lease terminated, she was no longer obligated to pay the option amount but continued to owe the $1,100 in rent.

{¶8}    Thus we conclude that the total amount due to BEE from Ms. Fitzpatrick was $18,100. That amount consists of:

| $2,600 | Amount owed at lawsuit commencement |
|---|---|
| + $14,400 | 12 months x $1,200 due under the lease |
| + $1,100 | One month holdover rent after the lease expired |
| $18,100 | Total Due |

{¶9}    Both Ms. Fitzpatrick and BEE agree that Ms. Fitzpatrick made payments into the court from January through November 2014. At oral argument, counsel for BEE represented to the court that these funds, in the amount of $13,200, had been

released to BEE. The record before us, however, does not allow us to confirm the release of these funds. Therefore, we remand this cause to the trial court to enter judgment for BEE after properly crediting Ms. Fitzpatrick for the funds that had been released by the court to BEE. The assignment of error is sutained.

{¶10} We note further that Ms. Fitzpatrick has raised various issues in her brief relating to the merits of the counterclaims that she filed against BEE. We are unable to consider these arguments, however, because Ms. Fitzpatrick has not filed an appeal of the trial court's decision dismissing her counterclaims. *See* App.R. 3(C)(1).

{¶11} The trial court's award of damages is reversed. The matter is remanded to the trial court. On remand, the trial court is instructed to enter judgment for BEE in the amount of $18,100 less any funds that had been paid into the court by Ms. Fitzpatrick and released to BEE. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.