DIANE V. GRENDELL, J.
{¶ 1} Defendant-appellant, Shari Rossi Sollberger, appeals the judgment of the Niles Municipal Court in favor of plaintiff-appellee, Nicole Montgomery, in the amount of $850 for the return of prepaid rent and security deposit. The issue before this court is whether a tenant's refusal to allow the landlord's handyman access to the premises for the purpose of investigating the tenant's complaint of mice bars the tenant from recovery. For the following reasons, we affirm the decision of the court below.
{¶ 2} On May 18, 2016, Montgomery filed a Statement of Claim in Niles Municipal Court against Sollberger, praying judgment in the amount of $2,188 for the return of prepaid rent ($962) and security deposit ($425), reimbursement for pest control services ($176) and trash removal ($50), and mental distress ($1,000).
{¶ 3} On July 18, 2016, Sollberger filed an Answer and Counterclaim, praying judgment in the amount of $3,400 for breach of a Lease Agreement (representing eight months remaining under the lease agreement at $425 per month in rent).
{¶ 4} On September 13, 2016, trial was held. In lieu of a transcript, the following Statement of Evidence[1] is before this court:
*26 1. Plaintiff entered into a written Lease with Defendant for a term of one (1) year, beginning January 10, 2016, with rent pre-paid to June, 2016.
2. On or about May, 2016, Plaintiff contacted Defendant claiming that she had seen a mouse in the premises. Plaintiff testified there were numerous mice running through her bedroom and in her bed while she slept and she so advised Plaintiff[.]
3. Defendant sent her handyman to inspect the premises, based upon Plaintiff's Complaint, but Plaintiff refused to permit Defendant's handyman to enter the premises. Plaintiff did not dispute refusing to allow the handyman entrance.
4. Plaintiff had the premises inspected by Orkin Pest Control on May 13, 2016. Orkin found "areas of entry for mice". Orkin's Report does not indicate that any active infestation or evidence of rodent activity was occurring at the time of their inspection.
5. Plaintiff submitted no photographs or evidence of rodent activity or droppings.
6. Plaintiff vacated the premises on May 13, 2016, although the utilities for the premises were still in Plaintiff's name as of June 6, 2016.
7. There was a lack of substantial evidence by the Defendant on clean-up, repair, replacement and efforts to mitigate damages by re-renting the apartment.
{¶ 5} On September 15, 2016, the municipal court issued a Judgment Entry, finding in favor of Montgomery. The Entry states, in relevant part:
From the evidence adduced, the court finds in favor of plaintiff, Nicole Montgomery, for return of rent in the amount of $425.00 for June and security deposit of $425.00. Plaintiff moved out mid May so she is responsible for entire month. No grounds for any May rent refund. Defendant[']s counterclaim not sustained by evidence. No grounds for other claims.
{¶ 6} On September 29, 2016, Sollberger filed a Motion for New Trial and Motion to Vacate Judgment.
{¶ 7} On October 5, 2016, the municipal court denied these Motions.
{¶ 8} On November 4, 2016, Sollberger filed her Notice of Appeal. On appeal, she raises the following assignment of error:
{¶ 9} "[1.] The trial court erred in determining that the plaintiff was entitled to break the lease with the defendant and receive a refund of rent advanced and the security deposit."
{¶ 10} Sollberger argues as follows: "When a residential tenant complains of a condition in the premises, but refuses to permit access by the Landlord to remedy the condition, the tenant is not entitled to break the lease, based upon the condition." Appellant's brief at 3. Sollberger's argument is premised upon Montgomery's purported violation of R.C. 5321.05(B) : "The tenant shall not unreasonably withhold consent for the landlord to enter into the dwelling unit in order to inspect the premises, make ordinary, necessary, or agreed repairs, decorations, alterations, or improvements, deliver parcels that are too large for the tenant's mail facilities, supply necessary or agreed services, or exhibit the dwelling unit to prospective or actual purchasers, mortgagees, tenants, workmen, or contractors."
{¶ 11} Sollberger's argument misconstrues the nature of the proceedings below.
*27 Montgomery's recovery does not arise from her entitlement to break the lease, but from Sollberger's failure to mitigate her damages. The municipal court's judgment is silent as to whether Montgomery was in breach. For the purposes of this appeal, we may presume that she did breach the lease agreement-otherwise, the court's finding that "there was a lack of substantial evidence * * * to mitigate damages" makes no sense. That fact, however, does not preclude Montgomery from recovering her security deposit and prepaid rent.
{¶ 12} It is well-established that a tenant's breach of a residential lease does not result in the automatic forfeiture of monies deposited with the landlord.
{¶ 13} As stated by the Ohio Supreme Court:
Where a lessee in compliance with the terms of a written lease makes a deposit to secure the performance of the lease on his part, and the lessor exercises his right under the lease to dispossess the tenant and terminate the lease for failure to comply with its terms, the deposit is not forfeited, and the tenant is entitled to recover the balance remaining after deducting accrued rent and damages, if any, sustained by the landlord.
Cain v. Brown , 105 Ohio St. 264, 136 N.E. 916 (1922), syllabus.
{¶ 14} As codified by the Revised Code:
Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement.
R.C. 5321.16(B) ; R.C. 5321.01(E) (" '[s]ecurity deposit' means any deposit of money or property to secure performance by the tenant under a rental agreement").
{¶ 15} Thus, in order to retain monies deposited as security upon the tenant's breach, the landlord must prove damages as a result of the breach.
{¶ 16} As explained by the Ohio Supreme Court:
[T]ermination [of a residential lease agreement] does not operate as a windfall for the landlord-the remaining rents under the agreement do not come due all at once. As in any other breach-of-contract action, a plaintiff landlord must prove damages. * * * Lessees are potentially liable for rents coming due under the agreement as long as the property remains unrented. The important corollary to that is that landlords have a duty, as all parties to contracts do, to mitigate their damages caused by a breach.
Dennis v. Morgan , 89 Ohio St.3d 417, 419, 732 N.E.2d 391 (2000) ; Oldendick v. Crocker , 2016-Ohio-5621, 70 N.E.3d 1033, ¶ 39 (8th Dist.) ("the Landlord-Tenant Act * * * limits permissible deductions from a security deposit to * * * actual damages sustained by the landlord as a [result of] tenant's failure to comply with R.C. 5321.05 or the lease").
{¶ 17} In the present case, the municipal court determined that "[t]here was a lack of substantial evidence by the Defendant on clean-up, repair, replacement and efforts to mitigate damages by re-renting the apartment." Accordingly, Montgomery was entitled to the return of her security deposit and prepaid rent irrespective of her breach of the lease and/or violation of her duties as a tenant under R.C. 5321.05(B).
{¶ 18} The case of A.C.S. Realty & Invest. Corp. v. Smith , 8th Dist. Cuyahoga No. 48664, 1985 WL 9025 (May 23, 1985), *28 relied upon by Sollberger, is distinguishable. In that case, the damages awarded the landlord were rents accrued and deposited with the court by the tenants who claimed the landlord had failed to maintain and repair the property. Id. at 1. Since the landlord was not seeking to recover rent payments under the unexecuted portion of the lease or to retain a security deposit, the issue of mitigation was never raised.
{¶ 19} The sole assignment of error is without merit.
{¶ 20} For the foregoing reasons, the judgment of the Niles Municipal Court is affirmed. Costs to be taxed against appellant.
COLLEEN MARY O'TOOLE, J., concurs,
TIMOTHY P. CANNON, J., concurs in part and dissents in part with a Concurring/Dissenting Opinion.

Text in regular font was prepared by counsel for Sollberger. Italicized text represents "[a]dditions to statement of evidence as recalled by the acting judge."